**Christopher M. McMonagle, Esq.**
Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Telephone: (215) 572-8111
Facsimile: (215) 572-5025

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE WESTERN DISTRICT OF PENNSYLVANIA
# (PITTSBURGH)

| | |
|---|---|
| IN RE:<br><br>EDWARD J. ROCHE,<br>KATHLEEN J. ROCHE<br>DEBTOR(S) | CHAPTER 7<br><br>CASE NUMBER: 15-23639-GLT<br><br>HEARING DATE AND TIME:<br>**DECEMBER 21, 2017 AT 10:00 AM**<br><br>JUDGE: GREGORY L. TADDONIO |
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF BUNGALOW SERIES F TRUST<br>MOVANT<br><br>V.<br><br>EDWARD J. ROCHE,<br>KATHLEEN J. ROCHE<br>DEBTOR(S)<br><br>NATALIE LUTZ CARDIELLO, TRUSTEE,<br>RESPONDENT(S) | |

**Motion of U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust For Relief from the Automatic Stay under 11 U.S.C. §362(d) With Respect to Property: 5632 FAIRFIELD DRIVE, GIBSONIA, PA 15044**

U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief and in support thereof respectfully represents as follows:

1. Movant is U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust (hereafter referred to as "Movant").

2. Debtor(s), Edward J. Roche and Kathleen J. Roche (hereinafter, "Debtor(s)"), is/are, upon information and belief, adult individual(s) whose last-known address is 5632 Fairfield Drive, Gibsonia, PA 15044.

3. On January 18, 2008, Debtor(s), executed and delivered a Note in the principal sum of $164,000.00 to Suntrust Mortgage, Inc.. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, Debtor(s), executed and delivered a Mortgage to Mortgage Electronic Registration Systems, Inc., solely as a Nominee for Suntrust Mortgage, Inc. The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Allegheny County on January 23, 2008 in Book M VL-34946, Page 529 and/or Instrument 2008-6767. A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Mortgage encumbers Debtor's real property located at 5632 Fairfield Drive, Gibsonia, PA 15044.

6. By assignment of mortgage, the loan was ultimately assigned to Movant. A true and correct copy of the assignment is attached as Exhibit "C" and is hereby incorporated by reference.

7. Debtor(s) filed the instant Chapter 7 Bankruptcy on October 2, 2015 and, as a result, any state court proceedings were stayed.

8. It is believed and therefore averred that Debtor(s) filed the instant bankruptcy as an additional delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

9. Debtor's mortgage loan is in default and is currently due for the July 1, 2015 payment and each subsequent payment through the date of the motion. Debtor(s) has/have failed to make the following payments to Movant:

### PAYMENTS IN DEFAULT

| | |
|---|---|
| Monthly Payments in Default........................ | 07/01/2015 to 03/01/2016 |
| Monthly payments ($1,709.46 x 9) | $15,385.14 |
| Monthly Payments in Default........................ | 04/01/2016 to 09/01/2017 |
| Monthly payments ($1,707.23 x 18) | $30,730.14 |
| Total Amounts Due as of September 22, 2017: | $46,115.28 |

### PAYOFF INFORMATION

| | |
|---|---|
| Unpaid Principal Balance: ............ | $148,182.99 |
| Escrow Balance: ........................... | $15,086.98 |
| Accrued Interest: ........................... | $23,601.36 |
| Late Charges: ............................... | $1,610.83 |
| Fees & Expenses: ........................... | $491.00 |
| Total Due as of September 22, 2017: | $188,973.16 |

10. In addition, Movant has incurred counsel fees and costs in association with Debtor's default and this motion.

11. As a result of the Debtor's default and failure to make payments or to otherwise fail to adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

12. Further, the Debtor's Schedule D indicates a valuation of the property in the amount of $180,000.00, with Movant's lien against the property in the amount of $188,973.16. Accordingly, there is no equity in the Property and the property is not necessary for an effective reorganization. A copy of the Debtor's Schedule D is attached as Exhibit "D" and incorporated herein by reference.

13. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

14. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

Respectfully Submitted:

Stern & Eisenberg, PC

By: /s/ Christopher M. McMonagle, Esq.
Christopher M. McMonagle, Esq.,
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 316043
Email: cmcmonagle@sterneisenberg.com

Date: November 29, 2017